IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADRIAN ORTIZ GUERRERO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No. 1:26-CV-00052-DAE |
| | § | |
| COLLINS, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

ORDER

Before the Court is Petitioner Adrian Ortiz Guerrero's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. # 1.) Petitioner invokes 28 U.S.C. § 2243 and asks the Court to order Respondents Charlotte Collins, Warden, T. Don Hutto Detention Center; Miguel Vergara, Director of San Antonio Field Office, United States Immigration and Customs Enforcement and Removal Operations; Todd Lyons, Acting Director of United States Immigration and Customs Enforcement; Kristi Noem, Secretary of the United States Department of Homeland Security; and Pamela Jo Bondi, Attorney General, United States Department of Justice (collectively, "Respondents") to show cause within three days as to why the petition should not be granted.

Under 28 U.S.C. § 2243, a court:

> entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show

1

cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243.  Petitioner has alleged that he is entitled to a writ because he is being wrongfully detained without bond under the interpretation of the Immigration and Nationality Act's ("INA") mandatory and discretionary detention provisions that was adopted by the Board of Immigration Appeals ("BIA") in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025).  (Dkt. # 1 at 4–5, 24.); see 28 U.S.C. §§ 1225–1226.  The Court has addressed the BIA's new construction of the INA on numerous occasions.  See, e.g., Martinez Campuzano v. Noem, et al., No. 1:25-CV-01715-DAE (W.D. Tex. Jan. 6, 2026); Fabian Granados v. Bondi, et al., No. 1:25-CV-02068-DAE (W.D. Tex. Jan. 8, 2026); Rojas Vargas v. Bondi, No. 1:25-CV-01699-DAE, 2025 WL 3251728 (W.D. Tex. Nov. 5, 2025).  The Court will therefore order Respondents to show cause as to why Petitioner's writ should not be granted within the next three days in accordance with § 2243.

       **IT IS ORDERED** that the referral of this case to the United States Magistrate Judge Mark Lane, (Dkt. # 2), is **VACATED** and that this matter be returned to the docket of the District Court Judge David Alan Ezra.

       **IT IS FURTHER ORDERED** that The Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the

Petition for Writ of Habeas Corpus, (Dkt. # 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process on the Federal Government Respondents.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition for Writ of Habeas Corpus, (Dkt. # 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before January 16, 2026**, as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus. 28 U.S.C. § 2243. At this time, the Court will not plan to set a hearing on this matter, but, **on or before January 12, 2026,** either party may request a hearing to be scheduled after briefing is complete. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243. The Court is amenable to ruling on the papers if the parties waive a hearing.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed. See United States v.

United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); cf. Brownback v. King, 592 U.S. 209, 218-19 (2021).  This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case.  See Santiago v. Noem, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

    **IT IS SO ORDERED**.

    **DATED**: Austin, Texas, January 13, 2026.

_____
David Alan Ezra
Senior United States District Judge